UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

NADINE MURIEL WALTON, a/k/a
Nadine Denise Muriel, a/k/a Carole
Muriel Williams,
            *Defendant-Appellant.*

No. 01-4343

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-5)

Submitted: November 19, 2001

Decided: December 17, 2001

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

David A. Stock, Richmond, Virginia, for Appellant. Paul J. McNulty,
United States Attorney, Olivia N. Hawkins, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Nadine Muriel Walton appeals her April 17, 2001 conviction and 151-month sentence on twenty separate counts relating to the operation of a cocaine base distribution network out of her home. Specifically, Walton pled guilty to seven counts of making false statements in acquiring a firearm, *see* 18 U.S.C.A. § 922(a)(6) (West 2000), and was convicted after a bench trial of six additional counts of making false statements in acquiring a firearm, as well as five counts of possession of a firearm by a drug user, *see* 18 U.S.C.A. § 922(g)(3) (West 2000), conspiring to distribute cocaine base, *see* 21 U.S.C. § 846 (1994), and maintaining a crack house, *see* 21 U.S.C. § 856 (1994). For the following reasons, we affirm.

Walton's first challenge on appeal relates to the sufficiency of the evidence to support each set of counts. However, we have reviewed the trial transcript and the reasonable inferences drawn therefrom in the light most favorable to the prosecution, and find any rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt. *See United States v. Young*, 248 F.3d 260, 273 (4th Cir.) (providing standard of review), *cert. denied*, 121 S. Ct. 2617 (2001). In particular, we note there was sufficient circumstantial evidence of a tacit agreement between Walton and her son Michael Walton to distribute cocaine base from Walton's home to support Walton's conviction under § 846. *See United States v. Ellis*, 121 F.3d 908, 922 (4th Cir. 1997).

Walton also challenges the district court's conversion of cash seized from her son during a search of their home into an equivalent quantity of drugs for sentencing purposes. However, because the money seized was part of the same course of conduct, and the amount of drugs actually seized during the search did not accurately reflect the scale of drug activity charged, we find this assignment of error

meritless. *See United States v. Hicks*, 948 F.2d 877, 882-83 (4th Cir. 1991). Additionally, because Walton received ten-year sentences for her firearms convictions and 151-month sentences for her convictions under § 846 and § 856, we find her sentence does not implicate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Promise*, 255 F.3d 150, 153 n.3, 156-57 (4th Cir. 2001) (en banc) (finding sentences below the statutory maximum do not implicate *Apprendi*).

Accordingly, we affirm Walton's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*